Williams, 3.
The assessment for the paving oí Main street having been levied on the plaintiff’s lot in 1895, to the full amount of twenty-five per cent, of its taxable valuation, the question here presented is, whether, on that account, the lot is exempt from the assessment laid upon it in 1896, for the cost of the sidewalk constructed on Wyoming street. The exemption of the lot from that burden is claimed by the plaintiff under section 2283 of the Revised Statutes, which provides that: “Special assessments, whether by the foot front or otherwise, shall be so restricted that the same territory shall not be assessed for making two different streets or avenues, within a period of five years, in such amounts that the maximum assessment herein provided will be thereby exceeded; and so far as practicable under the provisions of this title, regard must be had in making special assessments to the probable *139 benefits to the party assessed.” The statutory provision which fixes the amount of the “maximum assessment” referred to in this section, in municipal corporations of the class to which the city of Dayton belongs, is that contained in section 2270, as follows: “The tax or assessment specially levied and assessed on any lot or land, for any improvement, shall, in no case, * * * amount to more than twenty-five per centum of the value of the property, as assessed for taxation, and the cost exceeding that per centum shall be paid by the corporation out of its general revenue.” Certain exceptions are made to this limitation on the amount of the assessment, but the case before us does not come within any of them. So that, the assessment in controversy here, having been levied on the plaintiff’s lot Avithin five years after that laid for the paving of Main street, cannot be sustained, if both are assessments of the kind mentioned in section 2283, that is, “for making two different streets or avenuesand Avhether they are assessments of that nature, or not, is the real question in the case. It must be admitted that Avkat is meant by the language of the section “for making two different streets or avenues,” is not free from doubt. In giving construction to the section the rule must be observed, that, where there is ambiguity in a statute with respect to whether a tax, or public burden of that nature, is imposed, or authorized to he imposed, it should receive that construction Avhich is most favorable to the citizen or subject sought to be charged with the burden. Cincinnati v. Connor, 55 Ohio St., 82-91. It can scarcely be claimed, and we do not understand it is claimed, that the phrase “making two different streets or avenues,” is used exclusively in the sense of constructing entirely new streets or avenues *140 where there had been none before; nor that the restriction imposed by the section against double assessments on the same territory, within the designated period, is confined to cases of that kind. It evidently was the legislative intention that the restriction should include and apply to assessments for improvements made of existing streets; for, it was the evil of unreasonable and excessive, public burdens arising from local assessments that the statute was designed to prevent. There is nothing in the section that limits its application to assessments for any particular-kind of improvement, further than it must be the improvement of a street or avenue. Such improvement may be made by the construction of sidewalks, as well as by paving, or otherwise improving, the roadway. Sidewalks a,re a part of the street; their construction is an improvement of the street which contributes to the convenience of the public in its use; and assessments for their construction are of the same general nature, and levied on the same principle, as those for the improvement of that part of the street between the sidewalks. Moreover, the mischief which, it was, the purpose of the statute to remedy, as certainly arises when the aggregate amount of assessments, levied on the same lot for the construction of a sidewalk on one street and the improvement of the road■way of another street exceeds the statutory limit, as when that limit is exceeded by assessments for two street improvements of the latter character; and no-reason is discovered why the statute should not be-applied in the former case, as well as in the latter. Both classes of cases appear to be equally with the spirit and intent of the statute. It would seem but just and reasonable that when one quarter of at owner’s estate in land is taken for a municipal hr *141 provement made for the public convenience, without other compensation than conjectured benefits to him, in the estimation of which he has no voice, he should have a brief respite from further burdens of that nature, on the same land.
We are of the opinion that the assessment which plaintiff seeks to have enjoined was unauthorized, and that the judgment of the circuit court should be reversed, and that of the common pleas affirmed.

Judgment accordingly.